RINCON VENTURE LAW GROUP
K. Andrew Kent (SBN 130097)
akent@rincongroup.com
2801 Townsgate Road, Suite 200
Westlake Village, CA 91361
Tel: 805.557.0580
Fax: 805.557.0480

Attorneys for Plaintiff
WIN IT TOO, INC.

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIN-IT-TOO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PUEBLO VIDA BREWING COMPANY, LLC, d/b/a PUEBLO VIDA BREWING COMPANY, an Arizona limited liability company,<br><br>Defendant. | Case No. '19CV1925 CAB NLS<br><br>**COMPLAINT FOR:**<br><br>**TRADEMARK INFRINGEMENT;**<br>**UNFAIR COMPETITION;**<br>**DECLARATORY RELIEF**<br><br>**(DEMAND FOR JURY TRIAL)** |

Plaintiff Win-It-Too, Inc. ("Win-It-Too" or "Plaintiff"), doing business as Global Beer Network, is one of the premier producers of authentic Belgian beers and ales in the United States. It brings this action seeking injunctive relief and damages, in order to protect and enforce its rights in a valuable federally registered trademark, LIVING BEER, against knowing and willful infringement by Defendant Pueblo Vida Brewing Company, LLC, doing business as Pueblo Vida Brewing Company ("Pueblo Vida" or "Defendant").  Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Lanham Act.  The Complaint states claims for infringement of a federally registered trademark under Section 32 of the Lanham Act (15 U.S.C. § 1114), federal unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), as well as unfair competition under the common law, and declaratory relief.

2. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  The Court has pendent and supplemental jurisdiction over the common law claim pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). The Court's jurisdiction over the declaratory relief claim arises from 28 U.S.C. §§ 2201(a) and 2202.

3. Venue is proper, pursuant to 28 U.S.C. Section 1391(b), in that a substantial part of the acts, events or omissions giving rise to the claims were directed toward and arose in this District and Defendants can be found in this District.

## PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of California.  It has a principal place of business in Middleton, Massachusetts.

5. Plaintiff is informed and believes that Defendant is an Arizona limited liability company whose principal place of business is in Tucson, Arizona.

2
Complaint

## PLAINTIFF'S MARKS AND THE NATURE OF ITS BUSINESS

6. Plaintiff does business under the trade name Global Beer Network. GLOBAL BEER NETWORK also is a federally registered trademark owned by Plaintiff. Plaintiff, through its GLOBAL BEER NETWORK, is an award-winning importer and distributor of beer whose operations in the United States began in 1994, and are now managed by long-term beer industry executives. Plaintiff's GLOBAL BEER NETWORK is the exclusive importer within the United States for a number of premier Belgian brewers, as well as other European brewers. It distributes and sells a lineup of highly regarded specialty beers having unique and complex flavors, among them *Gulden Draak*™—which has been hailed by the American Culinary Institute as the world's best beer—*Piraat*®, *Witterkerke*™, *Petrus*™ and *Monk's Cafe*®.

7. At least as early as June 1997, Plaintiff adopted and began using in commerce the trademark "*LIVING BEER*" in connection with the advertisement, distribution and sale of its beers. Plaintiff has continuously and exclusively used the LIVING BEER trademark in connection with its beers ever since. The LIVING BEER Mark has at all relevant times been an inherently distinctive, strong trademark when used in association with Plaintiff's goods. On August 4, 2009, the United States Patent and Trademark Office issued a federal trademark registration to Plaintiff, U.S. Registration No. 3,664,912, recognizing Plaintiff's exclusive right throughout the United States to use the LIVING BEER trademark in connection with beer and related goods. A true copy of the '912 Registration is attached hereto as Exhibit A.

8. The '912 Registration was issued pursuant to Section 1(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, which denotes the United States Patent and Trademark Office's determination that the LIVING BEER® trademark is inherently distinctive when used in connection with beer products. In 2015, the United States Patent and Trademark Office granted incontestable status to the '912 Registration

and thereby to Plaintiff's exclusive ownership of the LIVING BEER® trademark throughout the United States. The '912 Registration has at all times been in full force and effect, through the present.

9. Through its continuous and exclusive use by Plaintiff as a trademark in connection with the marketing, distribution and sale of beer, the LIVING BEER® trademark has come to symbolize goods associated with a single source, Plaintiff, in the minds of relevant consumers, and reflects the goodwill earned by Plaintiff through decades of hard work, creativity and devotion to sophisticated beer-making. The LIVING BEER® trademark is a valuable asset owned by Plaintiff, one that distinguishes the goods with which it is used as being unique, high quality beers, associated with a recognized source.

10. In addition to its LIVING BEER® trademark, Plaintiff owns the trademark LIVING ALE. Plaintiff has been granted a trademark registration by the United States Patent and Trademark Office for its ownership of the LIVING ALE mark, in connection with ales, U.S. Reg. No. 4,951,737. That registration is in full force and effect. It too was issued under Section 1(a) of the Lanham Act, denoting the conclusion by the United States Patent and Trademark Office that the trademark was inherently distinctive.

### DEFENDANT'S UNLAWFUL CONDUCT

11. On information and belief, Defendant Pueblo Vida engages in the brewing, bottling, canning, tapping, marketing, distribution and sale of a variety of beers, as well as the marketing and sale of associated merchandise such as hats, caps, socks and pins. On information and belief, Defendant says it adopted and began using the label "Vida Beer" on product containers for beer it has sold since June 28, 2017. On information and belief, Defendant also says that, since June 28, 2017, it has been using a "Vida Beer" mark on hats and shirts that it offers for sale in association with its beers. It further says all of these activities have occurred through the use of interstate commerce.

12. On information and belief, prior to selecting and adopting the "Vida Beer" mark, Defendant was aware that this mark translates into English as "Living Beer." On information and belief, prior to selecting and adopting the "Vida Beer" mark, Defendant was aware of Plaintiff's prior use of the trademark, LIVING BEER®, in commerce in connection with the advertisement and sale of beer. On information and belief, prior to using the "Vida Beer" mark on product containers for beer sold in commerce, Defendant was aware of Plaintiff's prior use of the trademark, LIVING BEER®, in commerce in connection with the advertisement and sale of beer. On information and belief, prior to using the "Vida Beer" mark, Defendant was aware of Plaintiff's ownership of a current trademark registration for LIVING BEER, issued by the United States Patent and Trademark Office in connection with beer. On information and belief, prior to using the "Vida Beer" mark, Defendant was aware that the LIVING BEER registration indicated Plaintiff, doing business as "Global Beer Network," had made first use of its LIVING BEER trademark at least as early as April 1, 2009. On information and belief, prior to using the "Vida Beer" mark, Defendant was aware that Plaintiff's ownership of the LIVING BEER® trademark, in connection with beers, had been granted incontestable status by the United States Patent and Trademark Office.

13. On information and belief, on or about February 26, 2019, Defendant filed with the United States Patent and Trademark Office an application for registration of the mark "Vida Beer" in connection with beers, hats, shirts, cyclists' jerseys, long-sleeved shirts, short-sleeved shirts, and T-shirts. That application has been assigned serial number 88/316,946 (the "'946 Application"). On information and belief, prior to filing the '946 Application, Defendant was aware of the Plaintiff's '912 Registration of LIVING BEER® trademark.

14. On information and belief, prior to using the "Vida Beer" mark, Pueblo Vida was aware of the Doctrine of Foreign Equivalents, requiring translation of the "Vida Beer" into its English equivalent, "Living Beer" in determining likelihood of

confusion with established trademarks. On information and belief, prior to filing the '946 Application, Defendant was aware of the Doctrine of Foreign Equivalents, requiring translation of the "Vida Beer" into its English equivalent, "Living Beer" in determining likelihood of confusion with established trademarks.  On information and belief, on or about September 3, 2019, Defendant received written notice of Plaintiff's objections to its use of a "Vida Beer" label and mark in connection with beer and related goods, and its filing of the '946 Application, along with Plaintiff's request that it take steps to discontinue the label and mark and abandon the '946 Application.  Defendant responded in writing on or about September 13, 2019, refusing to take action to address Plaintiff's concerns about a likelihood of confusion, or otherwise to stop using the "Vida Beer" label and mark, or to withdraw the '946 Application.  In that response, Defendant also threatened to seek to cancel Plaintiff's LIVING BEER registration, should Plaintiff take further action to enforce its exclusive rights as recognized in the '912 Registration.

15. On information and belief, Defendant continues unabated in its usage of the "VIDA BEER" mark and label, in connection with the advertisement and sale of beers and related goods, including in this district.  Through the date of this Complaint, Defendant has failed and refused to comply with Plaintiff's requests.

16. On information and belief, in using, in commerce, a mark constituting the foreign equivalent of Plaintiff's registered "LIVING BEER" trademark, Defendant has intentionally sought to infringe upon Plaintiff's LIVING BEER® trademark, knowingly or through willful blindness causing a likelihood of confusion and mistake amongst relevant consumers and the trade, as to whether Defendant's goods share the same source as Plaintiff's, or are otherwise licensed by Plaintiff or connected, affiliated or associated with it, and therefore of the same quality as Plaintiff's goods.  On information and belief, Defendant has knowingly, or through willful blindness to Plaintiff's rights, adopted and used a mark confusingly similar to Plaintiff's LIVING BEER ® trademark in a manner that trades off of the

goodwill associated with Plaintiff's mark, and re-directs confused consumers to beer products Defendant is selling that are not affiliated with Plaintiff.

17. Defendant's acts as alleged above have caused and will continue to cause irreparable harm and injury to Plaintiff's reputation, identity and ability to distinguish itself and its goods, all of it being harm and injury for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement; 15 U.S.C. § 1114)

18. Plaintiff incorporates by reference paragraphs 1 through 17 above, as if set forth in full.

19. Plaintiff is the owner of the LIVING BEER® trademark, in connection with beers and related goods.  It is a trademark registered under Section 1 of the trademark laws of the United States 15 U.S.C. §1051 *et seq*.

20. The LIVING BEER® trademark is a valuable, protectable mark.

21. On information and belief, Defendant has directly or indirectly engaged in the marketing, distribution, offering for sale and sale of beer and related goods through the use of the trademark "Vida Beer."  Its actions as alleged in this paragraph have been undertaken through the use of interstate commerce.

22. Plaintiff has not authorized Defendant to make these uses, as alleged above, of a "Vida Beer" trademark.

23. On information and belief, Defendant's use of a "Vida Beer" trademark as alleged above is likely to cause confusion, mistake or deception among consumers as to the source, quality and nature of Defendant's goods.  "Vida Beer" is a foreign equivalent of the trademark LIVING BEER®.  An appreciable number of consumers understand "Vida Beer" to be the foreign equivalent of the term "Living Beer."

24. Defendant's use of a foreign equivalent of Plaintiff's LIVING BEER® trademark constitutes federal trademark infringement under Section 32 of the

Lanham Act, 15 U.S.C. § 1114.

25. On information and belief, Defendant's acts of infringement as alleged above have been willful, taken despite actual knowledge of Plaintiff's rights in the LIVING BEER® trademark, with the intent to cause, or with willful blindness as to whether those acts would cause, confusion, mistake and deception among relevant consumers concerning Defendant's goods and services and injury to Plaintiff's reputation, goodwill, and sales. Under 15 U.S.C. § 1117, Plaintiff is entitled to recover the greater of its actual damages or Defendant's profits from their infringing acts, enhanced and multiplied up to three times, as well as Plaintiff's reasonable attorneys' fees. Under 15 U.S.C. § 1118, Plaintiff also is entitled to an order requiring destruction of all infringing goods and promotional materials in Defendant's possession or control.

26. On information and belief, Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff.

27. On information and belief, as a result of its conduct as alleged above, Defendant has been unjustly enriched and has wrongfully profited.

28. On information and belief, unless restrained and enjoined by this Court, Defendant will continue to engage in its infringing conduct, customers are likely to continue to be deceived or mistaken as to the true source, quality, sponsorship and affiliation of Defendant's goods, Plaintiff's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair and compensate, and a multiplicity of suits will be required.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition under the Lanham Act and Common Law; 15 U.S.C. § 1125(a))**

29. Plaintiff incorporates by reference paragraphs 1 through 28 above, as if set forth in full.

30. On information and belief, on or in connection with beer and related

goods and services, Defendant has used words, terms, names, symbols, devices, or a combination of them, that falsely designated the origin of those goods and services, or false or misleading descriptions or representations of fact.

31. On information and belief, Defendant's conduct as alleged above is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's beer and related goods, services, and commercial activities. On information and belief, Defendant's conduct as alleged above, through commercial advertising or promotion, has misrepresented the nature, characteristics, qualities, or geographic origin of Defendant's beer and Defendant's related goods, services, or commercial activities.

32. On information and belief, Defendant's acts as alleged above constitute unfair competition through false descriptions, false designations, false representations of origin, and false advertising in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and the common law.

33. On information and belief, Defendant's acts of unfair competition have been willful, taken despite actual knowledge of Plaintiff's rights in the LIVING BEER® trademark, with the intent to cause, or with willful blindness as to whether those acts would cause, confusion, mistake and deception among relevant consumers concerning Defendant's goods and services and injury to Plaintiff's reputation, goodwill, and sales. Under 15 U.S.C. § 1117, Plaintiff is entitled to recover the greater of its actual damages or Defendant's profits from their acts constituting false designation of origin and unfair competition, enhanced and multiplied up to three times, as well as Plaintiff's reasonable attorneys' fees. Under 15 U.S.C. § 1118, Plaintiff also is entitled to an order requiring destruction of all goods, containers and promotional materials in Defendant's possession or control bearing or connected to any false, misleading, deceptive or confusing words, terms, names, symbols, devices, or combination of them.

34. On information and belief, Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff, or is likely to damage Plaintiff.

35. On information and belief, as a result of its conduct as alleged above, Defendant has been unjustly enriched and have wrongfully profited.

36. On information and belief, unless restrained and enjoined by this Court, Defendant will continue to engage in the wrongful conduct alleged above, customers are likely to continue to be deceived or mistaken as to the true source, quality, sponsorship and affiliation of Defendant's goods, Plaintiff's reputation and goodwill will be harmed in ways difficult to monetarily quantify, adequately repair and compensate, and a multiplicity of suits will be required.

## THIRD CLAIM FOR RELIEF
### (Declaratory Relief; 28 U.S.C. §§ 2201(a), 2202)

37. Plaintiff incorporates by reference paragraphs 1 through 36 above, as if set forth in full.

38. On information and belief, an actual, substantial and justiciable controversy exists between Plaintiff and Defendant with respect to marks they use in connection with beers and related goods. Plaintiff contends that it is the prior, senior user and owner of the LIVING BEER trademark, that Defendant is using a foreign equivalent of the LIVING BEER trademark in interstate commerce in violation of Plaintiff's rights under the Lanham Act and common law, that Defendant's filing of the '946 Application, seeking registration of its claim of ownership of the foreign equivalent of Plaintiff's LIVING BEER® trademark for beers and related goods is wrongful, and that registration must be refused under the Lanham Act. On information and belief, Defendant disputes Plaintiff's contentions.

39. Plaintiff is entitled to a declaration of its rights and of Defendant's violations of those rights and other wrongful acts, as well as a declaration that Defendant is not entitled to federal registration, in connection with beers and related goods, of a foreign equivalent of Plaintiff's LIVING BEER® trademark, namely the

"Vida Beer" mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court enter judgment that Defendant has infringed Plaintiff's trademark LIVING BEER®; have used false designations of origin, false descriptions, false representations, and false advertising in violation of 15 U.S.C. Sections 1114 and 1125(a); and have committed acts constituting unfair competition, in violation of 15 U.S.C. Section 1125(a) and the common law;

2. That the Court preliminarily and then permanently enjoin Defendant, and all of their officers, directors, agents, servants, employees and attorneys, and all other persons acting directly or indirectly in concert with Defendant, from using in commerce, in connection with the advertising, marketing, distribution, sale or offering for sale of any beer, or related goods and services, the trademark "Vida Beer," any other mark constituting a foreign equivalent of Plaintiff's registered LIVING BEER trademark, or any other mark or designation confusingly similar to Plaintiff's LIVING BEER® trademark, or from otherwise infringing on Plaintiff's registered trademark; from using in commerce a domain name, web site or metatags incorporating in a trademark manner the term "Vida Beer" or the foreign equivalent of the registered LIVING BEER trademark; from unfairly competing with Plaintiff; from engaging in acts of false advertising; and from engaging in any other acts that tend to damage the value of Plaintiff's LIVING BEER® trademark, trade name, business reputation, and goodwill;

3. That the Court issue a declaration of Defendant's use of a "Vida Beer" mark in violation of Plaintiff's rights under the Lanham Act and common law, a declaration of Plaintiff's right to prevent Defendant's use of the "Vida Beer" mark and to prevent the federal registration of such a mark by Defendant in connection with beers and related goods, and a declaration that Defendant is not entitled to federal registration of the foreign equivalent of Plaintiff's LIVING BEER®

trademark as applied-for in the '946 Application;

4. That the Court direct the Commissioner of Trademarks to refuse registration with the United States Patent and Trademark Office of the "Vida Beer" mark as applied-for in the '946 Application, or if that application ripens into a registration before final judgment in this action, that the Court direct the Commissioner to cancel such registration;

5. That Defendant be ordered to surrender for destruction all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Plaintiff's trademark or the means by which such infringement is facilitated;

6. That Defendant be ordered to undertake corrective advertising to redress harm caused by its use in interstate commerce of the foreign equivalent of Plaintiff's LIVING BEER® trademark;

7. That Plaintiff be awarded its damages according to proof;

8. That Plaintiff be awarded the profits acquired by Defendant through Defendant's unlawful acts;

9. That the Court increase and enhance by three times any award of damages and/or profits based on Defendant's willfulness;

10. That the Court award exemplary damages for Defendant's acts of unfair competition at common law.

8. That the Court award Plaintiff its reasonable attorneys' fees and costs; and

///
///
///

trademark as applied-for in the '946 Application;

4. That the Court direct the Commissioner of Trademarks to refuse registration with the United States Patent and Trademark Office of the "Vida Beer" mark as applied-for in the '946 Application, or if that application ripens into a registration before final judgment in this action, that the Court direct the Commissioner to cancel such registration;

5. That Defendant be ordered to surrender for destruction all products, containers, labels, advertisements, promotional materials, and other materials constituting an infringement of Plaintiff's trademark or the means by which such infringement is facilitated;

6. That Defendant be ordered to undertake corrective advertising to redress harm caused by its use in interstate commerce of the foreign equivalent of Plaintiff's LIVING BEER® trademark;

7. That Plaintiff be awarded its damages according to proof;

8. That Plaintiff be awarded the profits acquired by Defendant through Defendant's unlawful acts;

9. That the Court increase and enhance by three times any award of damages and/or profits based on Defendant's willfulness;

10. That the Court award exemplary damages for Defendant's acts of unfair competition at common law.

8. That the Court award Plaintiff its reasonable attorneys' fees and costs; and

///
///
///


9.      That the Court award Plaintiff such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: October 3, 2019          RINCON VENTURE LAW GROUP

By /s/ K. Andrew Kent

K. Andrew Kent
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby makes its demand for a jury trial of this action.

Dated: October 3, 2019          RINCON VENTURE LAW GROUP

By /s/ K. Andrew Kent
K. Andrew Kent
Attorneys for Plaintiff